IN THE DISTRICT COURT OF DELAWARE COUNTY,

STATE OF OKLAHOMA

FILED
OCT 03 2016
CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

ASHLEY NICHOLE MAGALLAN, )
individually, and as surviving spouse )
and next friend of JESUS MAGALLAN, )
JR., Deceased, )
                                           )
              Plaintiffs, )
                                           )
vs. ) Case No. CJ-16-185
                                           )
ZURICH AMERICAN INSURANCE )
COMPANY and )
JOHN CHRISTOPHER CRELIA, )
                                           )
             Defendants. )

## PETITION

COME NOW the Plaintiffs, Ashley Nichole Magallan, individually, and as surviving spouse and next friend of Jesus Magallan, Jr., Deceased, by and through their attorneys of record, Gary Homsey of the Homsey Law Center and Joe E. White, Jr. and Charles C. Weddle III of White & Weddle, P.C., and, for their causes of action against the Defendants, Zurich American Insurance Company and John Christopher Crelia, alleges and states as follows:

1. Plaintiffs where at all times herein citizens of the State of Texas.

2. Defendant Zurich American Insurance Company (hereafter "Zurich American") is an Illinois corporation authorized to do business in the State of Oklahoma, with its principal place of business in Schaumburg, Illinois.

3. Defendant Zurich American regularly conducts business throughout the State of Oklahoma. Defendant Zurich American issues policies, processes claims, and conducts all matters of business in Oklahoma.

4. Upon information and belief, Defendant John Christopher Crelia is currently an individual resident of Colcord, Delaware County, State of Oklahoma.

5. The matter sued on herein occurred in the State of Oklahoma.

6. Therefore, Defendants have sufficient contacts with the State of Oklahoma to warrant the exercise of *in personam* jurisdiction by this Court over the Defendants. Pursuant to 12 O.S. §2004(F), this Court has proper subject matter jurisdiction. Pursuant to 12 O.S. §137 and §141, venue is proper in Delaware County.

7. The amount in controversy herein exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## FACTS

8. Plaintiffs adopt and incorporate herein paragraphs 1 through 7 above, as if more fully stated out herein, and further allege and state as follows:

9. That at all material times herein, Plaintiffs were insured pursuant to a contract(s) of insurance with Defendant Zurich American that provided, among other things, "Uninsured Motorists Coverage"/"Underinsured Motorist Coverage" insurance coverage, identified as insurance policy number BAP 0134582-00 ("the Policy"). This contract of insurance was in full force and effect at the time of Plaintiffs' loss on February 17, 2015.

10. That on or about February 17, 2015, Plaintiff Jesus Magallan, Jr. was involved in a vehicular collision near Freedom, Oklahoma, resulting in his wrongful death.

11. That Plaintiff Ashley Nicole Magallan timely notified Defendant Zurich American of, among other things, a claim for benefits under "the Policy."

12. That despite Plaintiff Ashley Nicole Magallan's repeated demands that Defendant Zurich American pay benefits owed under "the Policy" previously issued by it, Defendant Zurich American refuses to, among other things, investigate, evaluate, and properly pay Plaintiffs' claim(s).

13. That as a result of this improper conduct on the part of Defendant Zurich American, Plaintiff Ashley Nicole Magallan, has sustained, among other things, monetary damages, inconvenience, physical discomfort, loss of peace of mind and security, emotional distress, embarrassment, loss of reputation, worry, anxiety, stress, anger, anguish, chagrin, and financial distress.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

14. Plaintiffs adopt and incorporate herein paragraphs 1 through 13 above, as if more fully stated out herein, and further allege and state as follows:

15. Defendant Zurich American knew that one of the primary reasons why consumers, such as Plaintiffs, purchase or have insurance in place is the peace of mind and security that it provides in the event of loss. Defendant Zurich American knew that the very risk Plaintiffs were insured against presupposed that when a claim was made for benefits under "the Policy," Plaintiffs could possibly be in financial straits or circumstances and, therefore, particularly vulnerable to oppressive tactics on the part of an economically-powerful entity such as Defendant Zurich American.

16. That Defendant Zurich American's relationship with its insureds was a fiduciary relationship and/or a special relationship making the laws governing fiduciary relationships applicable. Despite this fiduciary and/or special relationship, Defendant

Zurich American has refused to honor its prior commitment to pay for damages incurred by Plaintiffs by breaching its fiduciary duty.

17. That Defendant Zurich American has breached the insurance contract with Plaintiffs by failing to pay for the damages/benefits owed under the Policy as a result of the February 17, 2015. As a result of Defendant Zurich American's breach of contract, Plaintiffs have incurred damages for, among other things, "Underinsured Motorist" benefits owed pursuant to "the Policy."

## SECOND CAUSE OF ACTION

## BAD FAITH

18. Plaintiffs adopt and incorporate herein paragraphs 1 through 17 above, as if more fully stated out herein, and further allege and state as follows:

19. That Defendant Zurich American has violated its duty of good faith and fair dealing by unreasonably and in bad faith refusing to pay Plaintiffs the proper amount for a valid claim under "the Policy."

20. That Defendant Zurich American has further violated the duty of good faith and fair dealing by unreasonably failing to perform a proper investigation and by failing to evaluate the results of its investigation properly; that Defendant Zurich American had no legitimate or reasonable basis to deny benefits owed to the Plaintiffs under "the Policy."

21. That Defendant Zurich American has further violated its duty of good faith and fair dealing by negligently supervising this loss.

22. That Defendant Zurich American has breached the duty of utmost good faith and fair dealing owed by an insurer to their insured. Defendant Zurich American

4

recklessly disregarded its duty to deal fairly and in good faith with its insureds. That as a result of Defendant Zurich American's breach of its duty of good faith and fair dealing, Plaintiffs have suffered actual monetary damages and have also suffered inconvenience, physical discomfort, loss of peace of mind and security, emotional distress, embarrassment, worry, anguish, emotional distress, frustration, anger, embarrassment, medical expenses, interest, fees, and financial distress in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

23. That based upon Defendant Zurich American's wanton, willful, and malicious actions, as well as its reckless disregard of its duty to deal fairly and in good faith towards its insureds, Plaintiffs seek punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

24. Finally, Plaintiffs allege Defendant Zurich American's wanton, willful, malicious, and/or reckless acts are part of a common plan and/or scheme to disregard its duty to deal fairly and in good faith toward its insureds, such as the Plaintiffs, when investigating, evaluation, and failing to pay first-party insurance claims.

### THIRD CAUSE OF ACTION

### DECLARATORY RELIEF

25. Plaintiffs adopt and incorporate herein paragraphs 1 through 24 above as if more fully stated out herein and would further allege and state as follows:

26. Plaintiffs also seek a declaratory judgment pursuant to 12 O.S. 2011 §1651 to resolve any contractual disputes as to coverage and/or the amounts owed under the policy(ies).

## **FOURTH CAUSE OF ACTION**

### NEGLIGENCE

27. Plaintiffs adopt and incorporate herein paragraphs 1 through 26 above as if more fully stated out herein and would further allege and state as follows:

28. That on February 17, 2015, Plaintiff Jesus Magallan, Jr. was a passenger in a vehicle when another vehicle driven by Defendant John Christopher Crelia failed to yield the right-of-way, striking Plaintiff Jesus Magallan Jr.'s vehicle causing, among other things, the death of Jesus Magallan, Jr.

29. That Plaintiffs state their injuries were caused by the negligence of Defendant John Christopher Crelia ("Crelia"), and Jesus Magallan, Jr. in no way contributed to the collision and, thus, Jesus Magallan, Jr. is fault-free.

30. That the collision and Plaintiffs' resulting injuries were caused and brought about by the negligence and wanton disregard of Defendant Crelia in any and/or all of the following particulars, to-wit:

(a) That Defendant Crelia was guilty of negligence in that he carelessly, recklessly, and with gross disregard of the rights of Plaintiffs drove his vehicle in such a manner as to cause a collision with Jesus Magallan, Jr.'s vehicle. Had Defendant Crelia exercised ordinary care by properly controlling the movement and direction of his vehicle, the collision would have been avoided.

(b) That Defendant Crelia was negligent in that he failed to devote proper time and attention to his driving, and his non-attention thereby caused the collision described above.

  (c) That Defendant Crelia failed to obey traffic laws and road markings.

  (d) That Defendant Crelia drove in a careless and wanton manner without regard for the safety of persons or property, thus violating 47 O.S. §11-901 and making him negligent per se.

  (e) That Defendant Crelia failed to observe and obey the rules of the road.

  (f) That Defendant Crelia operated his vehicle in a manner not reasonable and proper.

  (g) That Defendant Crelia failed to yield the right-of-way to Raymond Byrd's vehicle and Crelia is negligent per se.

  29. That as the direct and proximate cause of the aforementioned negligence and reckless acts of Defendant Crelia, the Plaintiff, Jesus Magallan, Jr., suffered severe personal injuries resulting in his death.

### FIFTH CAUSE OF ACTION

### WRONGFUL DEATH

  30. Plaintiffs Ashley Nichole Magallan, individually, and as surviving spouse of Jesus Magallan, Jr., Deceased, bring their Fifth Cause of Action pursuant to 12 O.S. §§1053, *et seq.* and re-allege and incorporate by reference the above paragraphs 1 through 29 above.

  31. Plaintiff Ashley Nichole Magallan is the surviving spouse of the deceased, Jesus Magallan, Jr., who died in the manner alleged above on February 17, 2015.

32. By reason of the death of Jesus Magallan, Jr., the decedent is survived by his wife, Ashley Nichole Magallan, and their minor son, Jordan J. Magallan, who have each suffered grief and has been deprived of decedent's companionship, support (both economic and love and affection), destruction of the marital relationship/parental relationship, loss of consortium, and any other right of recovery pursuant to 12 O.S. §§1053, *et seq.*, all contributing to damage in the sum of an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

33. By further reason of the careless, reckless, negligent acts, negligent entrustment, and want of care of Defendant Crelia, Plaintiffs incurred medical expenses and funeral expenses in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), all as a result of Defendant Crelia's careless, reckless, negligent acts, negligent entrustment, and want of care set forth above.

34. As a proximate result of the above-described wrongful acts of Defendant Crelia, the decedent, Jesus Magallan, Jr., suffered severe multiple injuries, along with severe mental pain and anguish which caused his death on February 17, 2015, loss of marital association/parental association, financial loss, medical and funeral expenses, and, therefore, has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

35. That based on Defendant Crelia's willful, reckless, and gross disregard of the rights of Jesus Magallan, Jr., Plaintiffs seek punitive damages against Defendant Crelia in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, premises considered, Plaintiffs pray for judgment in their favor against each Defendant for (a) actual damages in an amount in excess of Seventy-Five

Thousand Dollars ($75,000.00); (b) punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00); (c) Plaintiffs' prejudgment interest, costs, and a reasonable attorney fee; and (d) such other relief to which Plaintiffs may be entitled.

Respectfully submitted,

GARY B. HOMSEY     OBA #4229
HOMSEY LAW CENTER
4816 Classen Boulevard
Oklahoma City, OK  73118
(405) 843-9923
(405) 848-4223
gbh@homseylawcenter.com

and

JOE E. WHITE, JR.          OBA #12930
CHARLES C. WEDDLE III   OBA #18869
WHITE & WEDDLE, P.C.
630 N.E. 63rd Street
Oklahoma City, Oklahoma  73105
(405) 858-8899
(405) 858-8844 FAX
joe@whiteandweddle.com
charles@whiteandweddle.com

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

*Attorneys for Plaintiffs,*
*Ashley Nichole Magallan, individually,*
*and as surviving spouse and next friend of*
*Jesus Magallan, Jr., Deceased*