# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ASHLEY NICHOLE MAGALLAN, individually, as surviving spouse and next friend of JESUS MAGALLAN, JR., deceased,<br><br>Plaintiff,<br><br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY; and JOHN CHRISTOPHER CRELIA,<br><br>Defendants. | Case No. 16-CV-668-CVE-FHM |

## ANSWER OF DEFENDANT, ZURICH AMERICAN INSURANCE COMPANY

COMES NOW Zurich American Insurance Company ("**Defendant**") by and through its counsel of record, and for its Answer to Plaintiff's Petition, alleges and states as follows:

1. Defendant admits the allegation contained in paragraph 1 of Plaintiff's Petition.

2. Defendant admits the allegations contained in paragraph 2 of Plaintiff's Petition in that Defendant is a corporation and its principal place of business is located Schaumburg, Illinois and it is authorized to transact business in the State of Oklahoma. The remaining allegations contained in paragraph 2 of Plaintiffs Petition are denied

3. Defendant admits the allegation contained in paragraph 3 of Plaintiff's Petition in that Defendant does business in the State of Oklahoma. The remaining allegations contained in paragraph 3 of Plaintiffs Petition are denied.

4. Defendant denies the allegation contained in paragraph 4 of Plaintiff's Petition that defendant John Christopher Crelia is resident of Oklahoma.

5. Defendant admits the allegation contained in paragraph 5 of Plaintiff's Petition that the motor vehicle accident occurred in Oklahoma. Defendant denies remaining allegations contained in paragraph 5 of Plaintiff's Petition.

6. Defendant denies that venue is proper in Delaware County. Defendant admits that Oklahoma has subject matter jurisdiction for the motor vehicle accident. The remaining allegations contained in paragraph 6 of Plaintiff's Petition are denied.

7. Defendant admits the allegation contained in paragraph 7 of Plaintiff's Petition.

## FACTS

8. Defendant adopts and incorporates herein by reference its answer contained in paragraphs 1 through 7 above, as if more fully set forth herein.

9. Defendant admits that pursuant to Policy No. BAP 0134582-00 (the "**Policy**"), uninsured motorist coverage is to provide coverage for the protection of persons insured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. Defendant denies the remaining allegations contained in paragraph 9 of Plaintiff's Petition.

10. Defendant admits the allegation contained in paragraph 10 of Plaintiff's Petition that the motor vehicle collision occurred in Oklahoma resulting in Jesus Magallan, Jr.'s death. The remaining allegations contained in paragraph 10 of Plaintiff's Petition are denied.

11. Defendant denies the allegations contained in paragraph 11 of Plaintiff's Petition.

12. Defendant denies the allegations contained in paragraph 12 of Plaintiff's Petition.

13. Defendant denies the allegations contained in paragraph 13 of Plaintiff's Petition.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

14. Defendant adopts and incorporates herein by reference its answer contained in paragraphs 1 through 13 above, as if more fully set forth herein.

15. Defendant denies the allegations contained in paragraph 15 of Plaintiff's Petition.

16. Defendant denies the allegations contained in paragraph 16 of Plaintiff's Petition.

17. Defendant denies the allegations contained in paragraph 17 of Plaintiff's Petition.

## SECOND CAUSE OF ACTION

## BAD FAITH

18. Defendant adopts and incorporates herein by reference its answer contained in paragraphs 1 through 17 above, as if more fully set forth herein.

19. Defendant denies the allegations contained in paragraph 19 of Plaintiff's Petition.

20. Defendant denies the allegations contained in paragraph 20 of Plaintiff's Petition.

21. Defendant denies the allegations contained in paragraph 21 of Plaintiff's Petition.

22. Defendant denies the allegations contained in paragraph 22 of Plaintiff's Petition.

23. Defendant denies the allegations contained in paragraph 23 of Plaintiff's Petition.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiff's Petition.

## THIRD CAUSE OF ACTION

## DECLARATORY RELIEF

25. Defendant adopts and incorporates herein by reference its answer contained in paragraphs 1 through 24 above, as if more fully set forth herein.

26. Defendant admits that Plaintiff alleges in paragraph 26 of Plaintiff's Petition that they are seeking declaratory relief. However, Defendant denies the remaining allegations contained in paragraph 26 of Plaintiff's Petition.

## FOURTH CAUSE OF ACTION

### NEGLIGENCE

27. Defendant adopts and incorporates herein by reference its answer contained in paragraphs 1 through 26 above, as if more fully set forth herein.

28. Defendant admits the allegation contained in paragraph 28 of Plaintiff's Petition that Jesus Magallan, Jr. died because of a motor vehicle collision that occurred on February 17, 2015. The remaining allegations contained in paragraph 28 of Plaintiff's Petition are denied.

29. Defendant denies the allegations contained in paragraph 29 of Plaintiff's Petition.

30. Defendant denies the allegations contained in paragraph 30 and its subparts of Plaintiff's Petition.

31. Defendant denies the allegations contained in paragraph 29 (sic) of Plaintiff's Petition.

## FIFTH CAUSE OF ACTION

### WRONGFUL DEATH

32. Defendant adopts and incorporates herein by reference its answer contained in paragraphs 1 through 31 above, as if more fully set forth herein.

33. Defendant admits that Jesus Magallan, Jr. died because of a motor vehicle collision that occurred on February 17, 2015. Defendant lacks sufficient information and belief to fully answer the remaining allegations contained in paragraph 31 (sic) of Plaintiff's Petition.

34. Defendant lacks sufficient information and belief fully to answer the remaining allegations contained in paragraph 32 (sic) of Plaintiff's Petition.

35. Defendant lacks sufficient information and belief fully to answer the remaining allegations contained in paragraph 33 (sic) of Plaintiff's Petition.

36. Defendant lacks sufficient information and belief fully to answer the remaining allegations contained in paragraph 34 (sic) of Plaintiff's Petition.

37. Defendant lacks sufficient information and belief fully to answer the remaining allegations contained in paragraph 35 (sic) of Plaintiff's Petition.

38. The allegations contained in Plaintiff's WHEREFORE Paragraph are denied.

## **AFFIRMATIVE DEFENSES**

1. Defendant generally and specifically denies all allegations, not previously admitted.

2. Delaware County is not the proper venue for the declaratory relief, which plaintiff seeks pursuant to OKLA. STAT. tit. 12, § 1653.

3. Plaintiff is not entitled to uninsured motorist coverage pursuant to the terms and conditions of the Policy and OKLA. STAT. tit. 36, § 3636.

4. Plaintiff's petition fails to properly plead a claim for determination of rights "pursuant to 12 O.S. §1651-§1657 to resolve contractual disputes as to coverage and/or the amounts owed under the policy(ies)." The exception contained in OKLA. STAT. tit. 12, § 1651 prevents a declaratory judgment action for "liability or non-liability for damages on account of alleged tortious injuries to persons or to property either before or after judgment."

5. Plaintiff's Petition fails to state a cause of action upon which relief can be granted for breach of contract.

6. Plaintiff's Petition fails to state a cause of action upon which relief can be granted for tortious breach of contract and "bad faith."

7. Plaintiff's Petition fails to state a claim upon which relief can be granted for breach of fiduciary duty.

8. Defendant has complied with the terms and conditions of the Policy at issue and accordingly a legitimate dispute exists as to the Plaintiff's claim.

9. Defendant's actions were reasonable in evaluating as to whether Plaintiff submitted a covered claim pursuant to the terms and conditions of the subject insurance policy.

10. Defendant is entitled to a credit and/or setoff.

11. Plaintiff's claims are barred by the exclusive remedy of workers' compensation.

12. The provisions of OKLA. STAT. tit. 36, § 3636 do not apply to Defendant pursuant to OKLA. STAT. tit. 37, § 3637.

13. The subject insurance Policy was issued by the Defendant in the State of North Dakota. The subject insurance Policy must be interpreted pursuant to the law of the state where the contract was formed.

14. Plaintiff's claim for punitive damages is barred by the prohibition against excessive fines contained in Article 2 § 9 of the Oklahoma Constitution, the equal protection requirements of the Oklahoma Constitution and the due process requirements of Article 2 § 7 of the Oklahoma Constitution. Plaintiff's claim for punitive damages is further barred by: (a) the Due Process Clause of the Fourteenth Amendment to the United States Constitution; (b) the proscription of the Eighth Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment prohibiting the imposition of excessive fines; and (c) the Double Jeopardy clause of the Fifth Amendment to the United States Constitution as applied to

the States through the Fourteenth Amendment. Plaintiffs claim for Punitive Damages Violates the applicable provisions of the Oklahoma and United States Constitutions. Any award for punitive damages is subject to the limitations stated in STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner, v. CAMPBELL. Supreme Court of the United States. No. 01-1289. Argued Dec. 11, 2002. Decided April 7, 2003.

15. Plaintiff was guilty of comparative negligence and was in the course and scope of employment at the time the accident or otherwise involved in a joint venture wherein the negligence of the driver may be imputed to the passenger.

16. Plaintiff's damages, if any, are the result of the actions of a third-party over whom this Defendant had no control.

17. Discovery has not yet commenced and Defendant reserves the right to amend its Affirmative Defenses upon completion of discovery.

WHEREFORE, Defendant, Zurich American Insurance Company, having fully answered, prays that Plaintiff's Petition be dismissed and that Defendant be awarded its costs and attorney fees, and for such other and further relief as this Court deems proper.

Respectfully Submitted,

**WILBURN, MASTERSON & FLEURY**

By  s/Michael J. Masterson
**MICHAEL J. MASTERSON, OBA# 5769**
**DAVID R. FLEURY, OBA# 31059**
2421 E. Skelly Dr.
Tulsa, OK  74105-6006
(918) 494-0414
FAX: (918) 493-3455
E-Mail: mike.masterson@wilburnmasterson.com
*Attorneys for Defendant, Zurich American Insurance Company*

## CERTIFICATE OF SERVICE

      I, MICHAEL J. MASTERSON, hereby certify that on this 10th day of November, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Gary B. Homsey
Homsey Law Center
4816 Classen Boulevard
Oklahoma City, OK 73118
*Attorney for Ashley Nichole Magallan & Jesus Magallan, Jr., deceased*

Joe E. White, Jr.
Charles C. Weddle, III
White & Weddle, P.C.
630 N.E. 63rd Street
Oklahoma City, OK  73105
*Attorney for Ashley Nichole Magallan and Jesus Magallan, Jr., deceased*

    _s/Michael J. Masterson_____
    **MICHAEL J. MASTERSON**

MJM/drf