## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

ASHLEY NICHOLE MAGALLAN,          )
individually, as surviving spouse and next   )
friend of JESUS MAGALLAN, JR., deceased   )
                                          )  Case No. 16-CV-668-CVE-FHM
                                          )
                  Plaintiff,              )
                                          )
vs.                                       )
                                          )
ZURICH AMERICAN INSURANCE          )
COMPANY; and JOHN CHRISTOPHER     )
CRELIA,                                   )
                                          )
                  Defendants.             )

## DEFENDANT, ZURICH AMERICAN INSURANCE COMPANY'S COUNTER-CLAIM AGAINST PLAINTIFF

Pursuant to FED. R. CIV. P. 13(a), Defendant, Zurich American Insurance Company ("**Zurich**") states the following for its counterclaim against Plaintiff, Ashley Nichole Magallan, individually, as surviving spouse and next friend of Jesus Magallan, Jr., deceased ("**Plaintiff**").

## PARTIES

1.      Plaintiff is a citizen of the State of Texas.

2.      Zurich is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. Zurich is authorized to transact business and has transacted business in Oklahoma.

3.      Defendant, John Christopher Crelia ("**Crelia**") is a citizen of the State of Arkansas.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(A)(1) because of the complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

5.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

6.      On September 1, 2014, Zurich and Wyoming Casing Service, Inc. ("**Wyoming Casing**") entered into a written contract for insurance including a business automobile insurance policy and a workers' compensation policy. The workers' compensation policy is designated as WC013458400. The business automobile insurance policy issued by Zurich, designated as Policy No. BAP 0134582-00 (the "**Policy**"), includes a Business Auto Coverage Form, CA 00 01 10 13.

7.      The Business Auto Coverage Form includes Section II – Covered Autos Liability Coverage. The Liability Coverage provides indemnification for sums that an insured legally must pay as damages caused by an accident and resulting from the ownership, maintenance, or use of a covered auto. The relevant policy provisions are as follows:

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A.  Coverage**
We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

. . .

**B.  Exclusions**
This insurance does not apply to any of the following:

. . .

**3. Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

. . .

**4. Employee Indemnification and Employer's Liability**

"Bodily injury" to

**a.** An "employee" of the "insured" arising out of an in the course of:

(1) Employment by the "insured"; or

(2) Performing the duties related to the conduct of the "insured's" business; or

**b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

**5. Fellow Employee**

"Bodily injury" to:

**a.** Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business; or

**b.** The spouse, child, parent, brother or sister of that fellow "employee" as a consequence of Paragraph **a.** above.

. . .

## SECTION IV – BUSINESS AUTO CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

. . .

## B.  General Conditions

. . .

8.  **Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us applies to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

8.     Additionally, the Business Auto Coverage Form includes an endorsement for Oklahoma Uninsured Motorists Coverage. The Oklahoma Uninsured Motorists Coverage Endorsement provides in pertinent part:

### OKLAHOMA UNINSURED MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "auto dealer operations" conducted in, Oklahoma, this endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

. . .

**A. Coverage**

1.  We will pay, in accordance with Title 36, Oklahoma Statutes, all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

2.  With respect to damages resulting from an "accident" with a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle", we will pay under this coverage only if Paragraph **a.** or **b.** below applies:

    **a.** The limit of any applicable liability bonds or policies has been exhausted by payment of judgments or settlements; or

    **b.** A tentative settlement has been made between an "insured" and the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle", and we:

        **(1)** Have been given prompt written notice of such tentative settlement; and

        **(2)** Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

. . .

    **2.** A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

      a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

      b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**C. Exclusions**

This insurance does not apply to:

**1.** "Bodily injury" sustained by:

    **a.** Any person who is a "family member" while "occupying", or when struck by, any motor vehicle owned by that person which is not insured for Uninsured Motorists Coverage at the time of the 'accident" and to whom no other Uninsured Motorists Coverage is available.

    **b.** Any "insured" while "occupying" an "auto":

        **(1)** Owned by; or

        **(2)** Furnished or available for the regular used of the Named Insured or any person who is a "family member" if such "auto" is not insured under a motor vehicle insurance policy at the time of the "accident".

**2.** The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

. . .

**D. Limit Of Insurance**

**1.** Regardless of the number of "insureds", or claims made, the most we will pay for all damages resulting from any one "accident" is the limit of Uninsured Motorists Insurance shown in the Schedule or Declarations. If there is more than one covered "auto", our limit of insurance for any one "accident", if the "bodily

injury" is sustained by an individual Named Insured or any "family member", is the sum of the limits applicable to each covered "auto". Subject to this maximum limit of liability for all damages:

    **a.** The most we will pay for all damages sustained in such "accident" by an "insured" other than an individual Named Insured or any "family member" is that "insured's" pro rata share of the limit shown in the Schedule of Declarations applicable to the vehicle that "insured" was "occupying" at the time of the "accident".

. . .

    **2.** If the "bodily injury" is sustained by any "insured", other than an individual Named Insured or any "family member", in an accident in which neither such Named Insured nor any "family member" sustained "bodily injury", the Limit Of Liability shown in the Schedule or Declarations for this coverage is our maximum limit of liability for all damages resulting from any such accident.

. . .

    **4.** No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Liability Coverage Form or Medical Payments Coverage endorsement attached to this policy.

    We will not make a duplicate payment under this coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

. . .

**F. Additional Definitions**
    As used in this endorsement:

. . .

    **2.** "Occupying" means in, upon, getting in, on, out or off.

    **3.** "Uninsured motor vehicle" means a land motor vehicle or "trailer":
    a. For which no liability bond or policy at the time of an "accident" provides at least the amounts required by the applicable law where a covered "auto" is principally garaged;
    b. That is an underinsured motor vehicle. An underinsured motor vehicle is a motor vehicle or "trailer" for which there is a liability bond or policy at the time of an accident, the liability limits of which are less than the amount of the claim of the person or persons making such claim, regardless of the amount of coverage of either of the parties in relation to each other;

    c.  For which an insuring or bonding company denies coverage or is or becomes insolvent; or

    d.  That is a hit-and-run vehicle and neither the driver nor owner can be identified.

However, "uninsured motor vehicle" does not include any vehicle:

    **a.**  Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amount required by that motor vehicle law; or

    **b.**  Designed for use mainly off public roads while not on public roads.

9.      On February 17, 2015, Jesus Magallan, Jr. ("**Magallan**") and Pedro Ochoa ("**Ochoa**") were involved in a motor vehicle accident as passengers in a white 2006 Chevrolet S500 driven by Robert Kirk ("**Kirk**") and owned by Wyoming Casing.

10.    The accident occurred on Highway 64, at the intersection of Highway 50, near Freedom, Oklahoma.

11.    The accident occurred while Kirk was making a left hand turn from Highway 64 to Highway 50 and collided with a tractor-trailer driven by Crelia.

12.    As a result of the accident Ochoa and Kirk suffered bodily injury; and Magallan was killed.

13.    The vehicle driven by Kirk was a covered auto under the Policy.

14.    At the time of the accident, Magallan, Ochoa, and Kirk were employees of Wyoming Casing and were in the course and scope of their employment.

15.    At the time of the accident, the tractor-trailer operated by Crelia was covered under an automobile liability insurance policy with Rick Phillis Insurance, designated as Policy No. 73TRSO38536.

16.    At the time of the accident, the tractor-trailer driven by Crelia was owned by Dennis Schroeder ("**Schroeder**").

17.     Rick Phillis Insurance has denied the claim of the Estate of Magallan to collect benefits under the liability insurance policy covering the tractor-trailer as Crelia was not at fault for the accident.

18.     On December 7, 2015, Plaintiff filed a workers' compensation claim against Wyoming Casing Service, Inc. and its workers' compensation carrier, Zurich American Insurance Company, with the Oklahoma Workers' Compensation Court, Case No. CM2015-08501H.

19.     On June 15, 2016, an Order was entered in the Workers' Compensation Court awarding Plaintiff death benefits.

20.     Plaintiff is not entitled to uninsured motorist coverage pursuant to the terms and conditions of the Policy and OKLA. STAT. tit. 36, § 3636.

## DECLARATORY JUDGMENT

21.     Accordingly, an actual, justiciable controversy exists between Zurich and Plaintiff regarding Zurich's obligations under the Policy within the meaning of 28 U.S.C. § 2201.

22.     Accordingly, Zurich seeks an Order from this Court determining the rights and obligations of the parties to the insurance contract.

23.     Further, Zurich seeks an Order awarding Zurich other relief as the Court deems proper.

WHEREFORE, Defendant, Zurich American Insurance Company respectfully requests that this Court resolve this controversy pursuant to FED. R. CIV. P. 57 and 28 U.S.C. § 2201 and determine the rights and obligations of the parties under the Policy.

Respectfully Submitted,

**WILBURN, MASTERSON & FLEURY**


By _ s/Michael J. Masterson_____
        **MICHAEL J. MASTERSON, OBA# 5769**
        **DAVID R. FLEURY, OBA# 31059**
        2421 E. Skelly Dr.
        Tulsa, OK  74105-6006
        (918) 494-0414
        FAX: (918) 493-3455
        E-Mail: mike.masterson@wilburnmasterson.com
        *Attorneys for Defendant, Zurich American*
        *Insurance Company*


## CERTIFICATE OF SERVICE

I, MICHAEL J. MASTERSON, hereby certify that on this 10th day of November, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Gary B. Homsey
Homsey Law Center
4816 Classen Boulevard
Oklahoma City, OK 73118
*Attorney for Ashley Nichole Magallan & Jesus Magallan, Jr., deceased*

Joe E. White, Jr.
Charles C. Weddle, III
White & Weddle, P.C.
630 N.E. 63rd Street
Oklahoma City, OK  73105
*Attorney for Ashley Nichole Magallan and Jesus Magallan, Jr., deceased*


        _ s/Michael J. Masterson_____
        **MICHAEL J. MASTERSON**


MJM/drf