IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF OKLAHOMA

ASHLEY NICHOLE MAGALLAN,    )
individually, and as surviving spouse    )
and next friend of JESUS MAGALLAN,    )
JR., Deceased,    )
    )
    Plaintiffs,    )
    )
vs.    )    Case No. 16-CV0668-CVE-FHM
    )    (Formerly Delaware County
ZURICH AMERICAN INSURANCE    )    Case No. CJ-2016-00185)
COMPANY and    )
JOHN CHRISTOPHER CRELIA,    )
    )
    Defendants,    )
    )
ZURICH AMERICAN INSURANCE    )
COMPANY,    )
    )
    Third-Party Plaintiff,    )
    )
vs.    )
    )
WYOMING CASING SERVICE, INC.,    )
    )
    Third-Party Defendant.    )

**PLAINTIFFS' ANSWER TO DEFENDANT**
**ZURICH AMERICAN INSURANCE COMPANY'S COUNTER-CLAIM**

COME NOW the Plaintiffs (hereafter "Answering Plaintiffs") and answer Defendant Zurich American Insurance Company's ("Zurich") Counter-Claim as follows:

1.    The Answering Plaintiffs admit the allegations contained in paragraph 1 of Zurich's Counter-Claim.

2.    The Answering Plaintiffs admit the allegations contained in paragraph 2 of Zurich's Counter-Claim with the exception that they do not know if Zurich is a New York corporation.

3.      The Answering Plaintiffs deny the allegation contained in paragraph 3 of Zurich's Counter-Claim and demand strict proof thereof.

4.      The Answering Plaintiffs deny the allegation contained in paragraph 4 of Zurich's Counter-Claim and demand strict proof thereof.

5.      The Answering Plaintiffs are unable at this time to admit or deny the allegations contained in paragraph 5 of Zurich's Counter-Claim and, therefore, deny the same and demand strict proof thereof.

6.      The Answering Plaintiffs admit the allegations contained in paragraph 6 to the extent that the Plaintiffs were insured pursuant to a contract(s) of insurance with Defendant Zurich American that provided, among other things, "Uninsured Motorists Coverage"/"Underinsured Motorist Coverage" insurance coverage, identified as insurance policy number BAP 0134582-00 ("the Policy").  The Answering Plaintiffs are unable at this time to admit or deny the remaining allegations contained in paragraph 6 of Zurich's Counter-Claim because, among other reasons, they have not seen a certified copy of the worker's compensation policy and, therefore, deny the same and demand strict proof thereof.

7.      The Answering Plaintiffs have not seen a certified copy of the Policy, but the Answering Plaintiffs admit that the Policy contains language similar to the language alleged in paragraph 7 of Zurich's Counter-Claim, but deny any allegation that "Uninsured Motorists Coverage"/"Underinsured Motorist Coverage" is not owed to the Answering Plaintiffs and, therefore, deny the same and demand strict proof thereof.

8.      The Answering Plaintiffs have not seen a certified copy of the Policy, but the Answering Plaintiffs admit that the Policy contains language similar to the language

alleged in paragraph 8 of Zurich's Counter-Claim, but deny any allegation that "Uninsured Motorists Coverage"/"Underinsured Motorist Coverage" is not owed to the Answering Plaintiffs and, therefore, deny the same and demand strict proof thereof.

9.      The Answering Plaintiffs admit the allegations contained in paragraph 9 of Zurich's Counter-Claim.

10.     The Answering Plaintiffs admit the allegations contained in paragraph 10 of Zurich's Counter-Claim.

11.     The Answering Plaintiffs admit the allegations contained in paragraph 11 of Zurich's Counter-Claim.  However, the Answering Plaintiffs deny any comparative negligence at the time of the accident.

12.     The Answering Plaintiffs admit the allegations contained in paragraph 12 of Zurich's Counter-Claim.

13.     The Answering Plaintiffs admit the allegations contained in paragraph 13 of Zurich's Counter-Claim.  However, the Answering Plaintiffs allege Kirk was an uninsured driver.

14.     The Answering Plaintiffs admit the allegations contained in paragraph 14 of Zurich's Counter-Claim.

15.     The Answering Plaintiffs are unable at this time to admit or deny the allegations contained in paragraph 15 of Zurich's Counter-Claim.

16.     The Answering Plaintiffs are unable at this time to admit or deny the allegations contained in paragraph 16 of Zurich's Counter-Claim.

17.     The Answering Plaintiffs are unable at this time to admit or deny the allegations contained in paragraph 17 of Zurich's Counter-Claim and, therefore, deny the same and demand strict proof thereof.

18.     The Answering Plaintiffs admit the allegations contained in paragraph 18 of Zurich's Counter-Claim.

19.     The Answering Plaintiffs admit the allegations contained in paragraph 19 of Zurich's Counter-Claim.

20.     The Answering Plaintiffs deny the allegation contained in paragraph 20 of Zurich's Counter-Claim and demand strict proof thereof.

21.     In response to the allegations contained in paragraphs 21 - 23, the Answering Plaintiffs' Petition seeks a declaratory judgment pursuant to 12 O.S. 2011 §1651 to resolve any contractual disputes as to coverage and/or the amounts owed under the policy(ies), and the Answering Plaintiffs have a Motion to Remand and Supporting Brief [Doc. #19] pending.  The Answering Plaintiffs deny that Zurich should be awarded any relief.

WHEREFORE, having fully answered, the Answering Plaintiffs pray that Zurich take nothing and for any further relief this Court deems just, proper, and right.

## <u>AFFIRMATIVE AND/OR OTHER DEFENSES</u>

22.     The Policy should operate to protect the Answering Plaintiffs.

23.     There are no exclusions listed in the Policy which operate to deny coverage for the loss sustained by the Answering Plaintiffs.

24.     The Policy is illusory; thus, the contract should be void.

25.     Exclusions must be clearly listed in the policy with clarity or such exclusion should be void.

26.     The Policy is ambiguous and any ambiguity found should be construed against Zurich and in favor of providing coverage to the Answering Plaintiffs' loss. Further, the alleged Exclusions relied upon by Zurich are invalid.

27.     The Policy is against public policy and should be construed against Zurich and in favor of providing coverage to the Answering Plaintiffs' loss.

28.     Zurich is barred by waiver and estoppel from asserting this coverage denial.

29.     Plaintiffs' coverage denial is in violation of the doctrine of reasonable expectations.

30.     Zurich's Counter-Claim fails to state a claim upon which relief can be granted.

31.     Zurich has failed to perform all of its obligations under the Policy at issue, including, but not limited to, an adequate investigation and a proper evaluation.

32.     Robert Kirk ("Kirk") was an uninsured driver.

33.     Such other and further defense(s) as revealed through discovery.

Respectfully submitted,

*s/ Charles C. Weddle III*
JOE E. WHITE, JR.          OBA #12930
CHARLES C. WEDDLE III  OBA #18869
WHITE & WEDDLE, P.C.
630 N.E. 63rd Street
Oklahoma City, Oklahoma  73105
(405) 858-8899
(405) 858-8844 FAX
joe@whiteandweddle.com
charles@whiteandweddle.com

and

GARY B. HOMSEY       OBA#4229
HOMSEY LAW CENTER
4816 Classen Boulevard
Oklahoma City, OK  73118
(405) 843-9923
(405) 848-4223
gbh@homseylawcenter.com

*Attorneys for Plaintiffs,*
*Ashley Nichole Magallan, individually,*
*and as surviving spouse and next friend of*
*Jesus Magallan, Jr., Deceased*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of December 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Michael J. Masterson, Esq.
David R. Fleury, Esq.

<u>*s/ Charles C. Weddle III*</u>
CHARLES C. WEDDLE III