UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ASHLEY NICHOLE MAGALLAN,** individually, as surviving spouse and next friend of Jesus Magallan, Jr., deceased | ) ) ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 16-CV-0668-CVE-FHM** |
| | ) | |
| **ZURICH AMERICAN INSURANCE COMPANY,** and **JOHN CHRISTOPHER CRELIA,** | ) ) ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion to Remand and Supporting Brief (Dkt. # 19). Plaintiff asserts that, under 28 U.S.C. § 1441(b), this case is not removable because defendant John Crelia is a citizen of Oklahoma, the state in which the suit was brought. Dkt. # 19, at 3. Defendant Zurich American Insurance Company (Zurich) responds that Crelia was a citizen of Arkansas at the time the suit was filed, and, alternatively, that removal was permitted because Zurich removed the case before plaintiff served Crelia. Dkt. # 28, at 3, 6.

## I.

This case arises from an automobile accident involving Crelia and Jesus Magallan, Jr. in Freedom, Oklahoma that resulted in the death of Magallan. Dkt. # 2-1, at 6. Plaintiff, Magallan's surviving spouse, alleges that Crelia caused the accident by failing to yield the right-of-way. Id. Plaintiff asserts that at the time of the accident she and Magallan were insured by Zurich, which included uninsured/underinsured motorist coverage. Id. at 2. On October 3, 2016, plaintiff filed this

suit in the District Court of Delaware County, State of Oklahoma. Id. at 1. Plaintiff's petition alleged causes of action for breach of contract, bad faith, and declaratory relief against Zurich, and negligence and wrongful death against Crelia. Id. The petition asserts that plaintiff is a citizen of Texas, that Zurich is an Illinois corporation with its principal place of business in Schaumburg, Illinois, and that Crelia is a resident of Colcord, Delaware County, Oklahoma. Id. at 1-2. On October 5, 2016 Crelia filed a notice in his pending divorce case in Haskell County, Oklahoma that he moved to 17968 Mateer Road, Lincoln, Arkansas. Dkt. # 2, at 3.

Plaintiff served Zurich on October 21, 2016. Dkt. # 2-2. On November 2, 2016, Zurich removed to this Court. Dkt. # 2. Zurich asserts in its notice of removal that the suit could be removed pursuant to 28 U.S.C. § 1441(a) because complete diversity exists among the parties and the amount in controversy exceeds $75,000. Dkt. # 2, at 1. With regard to diversity, Zurich asserts that plaintiff is a resident of Texas, Zurich is a New York corporation with its principal place of business in Illinois, and Crelia is a resident of Arkansas. Id. at 3.

Plaintiff served Crelia on November 23, 2016. Dkt. ## 18, 19-1. In his answer to the petition, Crelia denied that he is a resident of Colcord, Delaware County, State of Oklahoma. Dkt. # 25, at 1. In his answer to Zurich's cross-claim, Crelia denied that he is a resident of Arkansas, Dkt. # 26, at 1. Crelia filed a reply to Zurich's response to plaintiff's motion to remand clarifying that he denied he is a resident of Colcord, Delaware County, State of Oklahoma because he was living in Freedom, Woods County, Oklahoma, not because he denies being a resident of Oklahoma. Dkt. # 30, at 1. Moreover, regarding "his living situation around the time this lawsuit was filed," Crelia asserts that:

> [Crelia] had a rent house in Oklahoma. For a period of a few weeks in the Fall of 2016, Crelia and his wife stayed with his wife's sister in Arkansas. Crelia did receive

2

some mail there, but also continued to receive mail at the rent house in Oklahoma. At the time the lawsuit was filed, October 3, 2016, Crelia and his wife were staying with the sister-in-law in Arkansas. In November, 2016, Crelia moved to Freedom, Woods County, OK. Crelia has always had an Oklahoma driver's license.

Id. at 2. Plaintiff now asks the Court to remand this action to the Delaware County District Court because this action is barred from removal by § 1441(b).

## II.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Section 1441(a) allows a defendant to remove most civil actions from state court to federal court over which the federal court would have original jurisdiction. However, "[b]ecause the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005). The removing party must prove jurisdictional facts by a preponderance of the evidence. See McPhail v. Deere & Co. 529 F.3d 947, 953 (10th Cir. 2008).

## III.

Plaintiff argues that 28 U.S.C. § 1441(b)(2) bars removal in this case because Crelia is a resident of Oklahoma.[1] Dkt. # 19, at 3. Zurich argues that the Court has jurisdiction under 28 U.S.C. §§ 1332(a) and 1441(a) because Crelia was a resident of Arkansas when the lawsuit was filed, and

---

[1] Plaintiff does not dispute that the amount in controversy is more than $75,000 and complete diversity exists between the parties. See Dkt. ## 2-1, 19, 31.

when Zurich removed the case, Crelia had not been served. Dkt. # 28, at 3, 6. Section 1441(a)

provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

A federal court has original jurisdiction over a case on the basis of diversity if "the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . .

citizens of different States." 28 U.S.C. § 1332(a). However, under the forum defendant rule, "[a]

civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this

title may not be removed if any of the parties in interest properly joined and served as defendants

is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

## A.

Zurich argues that the forum defendant rule does not bar removal in this suit because, at the

time Zurich removed the case, Crelia was not "properly joined and served." Dkt. # 28, at 13-14.

Federal courts are split as to the meaning of "joined and served." Compare Breitweiser v.

Chesapeake Energy Corp., No. 3:15-CV-2043-B, 2015 WL 6322625, at *6 (N.D. Tex. Oct. 20,

2015) ("[C]ourts should apply the plain language of section 144(b)(2) and should not remand a

nonforum defendant's snap removal."), and Watanabe v. Lankford, 684 F. Supp. 2d 1210, 1219 (D.

Haw. 2010) ("[P]ursuant to the plain language of § 1441(b), the forum defendant rule does not

require remand in the instant case because Lankford, a properly joined in-state defendant, had not

been served at the time of removal."), with Sullivan v. Novartis Pharmaceuticals Corp., 575 F. Supp.

2d 640, 647 (D.N.J. 2008) (looking past the plain meaning of § 1441(b) and remanding a case in

4

which the defendant removed before service could be effected in order to avoid an "absurd and

bizarre result" and "give effect to the purpose of the forum defendant rule"), and Vivas v. Boeing

Co., 486 F. Supp. 2d 726, 735 (N.D. Ill. 2007) (holding that a non-forum defendant could not avoid

remand by removing before a forum defendant was served).

If possible, courts should give effect to every clause and word in a statute. Hain v. Mullin,

436 F.3d 1168, 1171 (10th Cir. 2006) (quoting Duncan v. Walker, 533 U.S. 167, 174 (2001)). Thus,

in interpreting § 1441(b), "served" should be given meaning, and the most natural reading of

"properly joined and served" is that the forum defendant rule applies only to defendants who have

been properly joined and properly served. However, some district courts have deviated from the

plain language of § 1441(b) for two primary reasons: (1) allowing pre-service removal is antithetical

to the purpose of the forum defendant rule, and (2) a strict reading of "joined and served" leads to

absurd results.

**B.**

The Court first considers the purpose of the forum defendant rule and the "joined and served"

language. Although the removal doctrine has been a part of American jurisprudence since the

Judiciary Act of 1789, the "properly joined and served" language was first included in 1948.

Sullivan, 575 F. Supp. 2d at 644. No legislative history has been found which discusses the

"properly joined and served" language in the 1948 revision. See, e.g., id.; Gentile v. Biogen Idec,

Inc., 934 F. Supp. 2d 313, 319 (D. Mass. 2013). However, based on "the historical development of

the policy of the remand provisions, the practical application of the 'joined and served' provision'

. . . , and common sense," some courts have determined that the purpose of the "joined and served"

language is to prevent gamesmanship by plaintiffs who join forum defendants for the purpose of

preventing removal. <u>Sullivan</u>, 575 F. Supp. 2d at 644; <u>see also</u> <u>Perez v. Forest Labs., Inc.</u>, 902 F. Supp. 2d 1238, 1243 ("[T]he purpose of the 'joined and served' requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve.") (alteration in original) (quoting <u>Fields v. Organon USA Inc.</u>, No. 07-2922, 2007 WL 4365312, at *3 (D.N.J. Dec. 12, 2007)); <u>Ethington v. Gen. Elec. Co.</u>, 575 F. Supp. 2d 855, 861 (N.D. Ohio 2008) ("Congress intended the 'joined and served' part of the forum defendant rule to prevent gamesmanship by plaintiffs, who might name an in-state defendant against whom he or she does not have a valid claim in a complaint filed in state court to defeat otherwise permissible removal by the non-forum defendant(s)."). Therefore, reading the forum defendant rule to allow a defendant to remove before a forum defendant has been served contradicts the purpose of the rule because it encourages defendants to engage in a different gamesmanship — racing to remove before service of process is effected on the forum defendant. <u>Ethington</u>, 575 F. Supp. 2d at 861-62.

The argument that the plain language of § 1441(b) should be disregarded in favor of an interpretation that reduces gamesmanship is unconvincing. "The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" <u>United States v. Ron Pair Enters., Inc.</u>, 489 U.S. 235, 242 (1989) (quoting <u>Griffin v. Oceanic Contractors, Inc.</u>, 458 U.S. 564, 571 (1982)). Although the result of § 1441(b)'s plain language is at odds with one of Congress's general policy concerns regarding removal, the legislative history of the "joined and served" language is silent. The Court cannot contradict the plain language § 1441(b) on the basis of congressional intentions that have been inferred by courts but never actually expressed by the law's drafters.

6

Moreover, that the purpose of the "joined and served" language is solely to prevent gamesmanship is uncertain. First, the "joined and served" language was unnecessary to prevent plaintiffs from blocking removal through fraudulent joinder. Defendants could overcome remand based on the forum defendant rule by showing fraudulent joinder before the 1948 revision. See, e.g., Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921) ("[The] right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy."). And second, "Congress thoroughly reviewed and revised the modern jurisprudence of removal" in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (codified in scattered sections of 28 U.S.C.), and, despite resolving several other long running disagreements among the federal courts regarding removal, retained the "joined and served" language of § 1441(b). Zach Hughes, A New Argument Supporting Removal of Diversity Cases Prior to Service, 79 Def. Couns. J. 205, 210-11 (2012). With silence in the legislative history and Congress's seemingly intentional decision not to alter the language of § 1441(b), the Court cannot find with any certainty that the "joined and served" language was added solely to prevent gamesmanship, let alone deviate from the plain language of § 1441(b) to carry out that purpose.

## C.

The Court next considers the absurdity doctrine as applied to this case. "The absurdity doctrine is an exception to the rule that the plain and ordinary meaning of a statute controls." In re McGough, 737 F.3d 1268, 1276 (10th Cir. 2013) (citing Resolution Trust Corp. v. Westgate Partners, Ltd., 937 F.2d 526, 529 (10th Cir. 1991)). Under the doctrine, "interpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with

7

the legislative purpose are available." <u>Griffin v. Oceanic Contractors, Inc.</u>, 458 U.S. 564, 575 (1982). In <u>Sullivan</u>, the court found that the plain meaning of § 1441(b) led to "an absurd and bizarre result" because it "reward[s] defendants for conducting and winning a race, which serves no conceivable public policy goal, to file a notice of removal before the plaintiffs can serve process." 575 F. Supp. 2d at 646. Additionally, the <u>Sullivan</u> court reasoned that when the "joined and served" language was added in 1948, Congress "could not possibly have foreseen the development of electronic docket monitoring and the technologically-advanced facts of this opinion." <u>Id.</u>

   While a strict reading of § 1441(b) may lead to absurd results in some cases, this case does not rise to the level of absurdity. Here, plaintiff filed her case on October 3, 2016 and served Zurich on October 21, 2016. Zurich removed the case on November 2, 2016. This is not a case of docket watching and unforseen, quick electronic filing, in which the plaintiff had no fair opportunity to serve the forum defendant before removal. Plaintiff had a month to serve Crelia after she filed this suit and before Zurich removed. Further, the majority of the courts that have found a strict construction of § 1441(b) leads to absurd results have done so in cases where <u>no</u> defendant has been served and/or the <u>forum defendant</u> removed the case. <u>See, e.g.</u>, <u>In re The Jean B. McGill Revocable Living Trust</u>, No. 16-CV-707-GKF-TLW, 2017 WL 75762 (N.D. Okla. Jan. 6, 2017); <u>Sullivan</u>, 575 F. Supp. 2d at 646. Neither situation is present here. Zurich, the removing defendant, is a non-forum defendant and was served nearly two weeks before it removed. Although allowing Zurich to take

advantage of plaintiff's delayed service of process on Crelia may not be the best policy, it is what the plain language of the statute demands and is not absurd.[2]

For the reasons stated above, the Court will not consider Crelia in applying 28 U.S.C. § 1441(b), the forum defendant rule, to this case. Moreover, the Court need not address the issue of Crelia's residency at the time the lawsuit was filed because whether he was a resident of Oklahoma or Arkansas does not affect the Court's jurisdiction over this matter. Because complete diversity exists among the parties, the amount in controversy exceeds $75,000, and no "properly joined and served" defendant was a resident of Oklahoma at the time of removal, Zurich's removal was proper under 28 U.S.C. §§ 1332(a) and 1441.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Remand and Supporting Brief (Dkt. # 19) is **denied**.

**DATED** this 11th day of January, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff made a new argument in her reply brief that this matter must be remanded because Zurich failed to obtain the consent of Crelia before removing. The same "properly joined and served" language as in the forum defendant rule exists in the rule requiring all defendants to consent to a removal. See 28 U.S.C. § 1446(2)(A). Because Crelia was not served at the time Zurich removed, Zurich's failure to obtain Crelia's consent does not compel remand. See McDaniel v. Loya, 304 F.R.D. 617, 626 (D.N.M. 2015) ("Defendants who have not been served, however, need not join in removal.").