# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ASHLEY NICHOLE MAGALLAN, individually, as surviving spouse and next friend of Jesus Magallan, Jr., deceased )))))<br><br>Plaintiff, ))<br><br>v. ))<br><br>ZURICH AMERICAN INSURANCE COMPANY, ))))<br><br>Defendant, ))<br><br>and ))<br><br>ZURICH AMERICAN INSURANCE COMPANY, ))))<br><br>Third-Party Plaintiff, ))<br><br>v. ))<br><br>WYOMING CASING SERVICE, INC., )))<br><br>Third-Party Defendant. ) | Case No. 16-CV-0668-CVE-FHM |

## OPINION AND ORDER

Now before the Court is Zurich American Insurance Company's (Zurich) motion to certify questions to the Oklahoma Supreme Court (Dkt. # 71). Zurich asks the Court to certify two questions to the Oklahoma Supreme Court pursuant to the Revised Uniform Certification of Questions of Law Act, Oka. Stat. tit. 20, § 1601, et seq. Plaintiff Ashley Nichole Magallan (Magallan) responds, arguing that Zurich's motion should be denied because Zurich has failed to establish that certification is necessary in this case. Dkt. # 75.

This case arises from an automobile accident that resulted in the death of Magallan's husband, Jesus Magallan, Jr. Dkt. # 2-1, at 6. On February 17, 2015, Jesus Magallan, Jr. and Pedro Ochoa were passengers in pickup truck being driven by Robert Kirk and owned by Wyoming Casing Service, Inc. (Wyoming Casing). Dkt. # 71, at 6; Dkt. # 75, at 7. All three men were employees of Wyoming Casing and were acting within the scope of their employment. Dkt. # 71, at 6; Dkt. # 75, at 7. The pickup truck was involved in an automobile accident with another vehicle, resulting in injuries to Ochoa and Kirk and the death of Jesus Magallan, Jr. Dkt. # 71, at 6; Dkt. # 75, at 7. At the time of the accident Wyoming Casing had workers' compensation insurance and business automobile insurance policies issued by Zurich. See Dkt. ## 71-12, 71-4. The business automobile insurance policy includes uninsured motorist coverage. See Dkt. # 71-5. Magallan, individually and as surviving spouse of Jesus Magallan, Jr., filed a workers' compensation claim and an uninsured motorist claim with Zurich. Dkt. # 71, at 7. Magallan was awarded benefits for her workers' compensation claim, but Zurich denied her uninsured motorist claim. Id.

Magallan filed this suit in the District Court of Delaware County, State of Oklahoma. Dkt. # 2-1, at 1. Her petition alleges claims for breach of contract, bad faith, and declaratory relief against Zurich, and negligence and wrongful death against John Christopher Crelia, the driver of the other automobile involved in the accident.[1] Id. Zurich removed the suit to this Court (Dkt. # 2) and filed a third-party complaint (Dkt. # 15) against Wyoming Casing for a declaratory judgment regarding Zurich's obligations under the business automobile insurance policy. There are several pending motions in this case, including motions for summary judgment or partial summary judgment by each

---

[1] All claims against Crelia were later dismissed with prejudice. See Dkt. # 83.

of the parties. See Dkt. ## 74, 80, 81. Those motions are not yet at issue, and this decision addresses only Zurich's motion for certification of questions to the Oklahoma Supreme Court (Dkt. # 71).

The decision to certify a question of law to a state court is within the discretion of a federal district court. See Oliveros v. Mitchell, 449 F.3d 1091, 1093 (10th Cir. 2006); Coletti v. Cudd Pressure Control, 165 F.3d 767, 775 (10th Cir. 1999); Allstate Ins. Co. v. Brown, 920 F.2d 664, 667 (10th Cir. 1990). The Oklahoma Supreme Court has the power to accept a certified question from a federal court if the outcome of the federal litigation depends on a controlling issue of state law and the issue cannot be resolved by reference to an Oklahoma statute, constitutional provision, or judicial decision. Okla. Stat. tit. 20, § 1602. But "[c]ertification should not be routinely invoked whenever a federal court is presented with an unsettled question of state law." Armijo v. Ex Cam, Inc., 843 F.2d 406, 407 (10th Cir. 1988). "[F]ederal courts have the duty to decide questions of state law even if difficult or uncertain." Colony Ins. Co. v. Burke, 698 F.3d 1222, 1235 (10th Cir. 2012) (quoting Copier ex rel. Lindsey v. Smith & Wesson Corp., 138 F.3d 833, 838 (10th Cir. 1998)). A federal court will certify a question only where the question "(1) may be determinative of the case at hand and (2) is sufficiently novel that [the court] feel[s] uncomfortable attempting to decide it without further guidance." Pino v. United States, 507 F.3d 1233, 1236 (10th Cir. 2007) (citing Delaney v. Cade, 986 F.2d 387, 391 (10th Cir. 1993)).

Zurich's first proposed question for certification is "[w]hether an employer who is a motor carrier exempt from the Oklahoma Uninsured Motorist Coverage Act may exclude from its fleet policy's voluntarily-purchased uninsured motorist coverage employees who are covered by workers' compensation coverage on the effective date of the fleet policy." Dkt. # 71, at 6. Oklahoma law generally requires automobile insurance policies to include uninsured motorist coverage. Okla. Stat.

3

tit. 36, § 3636. The uninsured motorist coverage requirement does not apply to "any policy covering motor trucks operated by a motor carrier . . . where the named insured has employees who operate motor trucks or to any other commercial automobile liability policy covering motor trucks where the named insured has employees and such employees are covered by workers' compensation." Id. § 3637. Zurich's position in this case is that the uninsured motorist policy does not cover Jesus Magallan, Jr., and that his exclusion does not violate § 3636 because Wyoming Casing is exempt under § 3637.

The central question in this litigation is whether the uninsured motorist policy covers Jesus Magallan, Jr., and Zurich's first question assumes not only that he is not covered, but also that Wyoming Casing is exempt under § 3637. The Court will address those issues when it considers the pending motions for summary judgment and expresses no opinion on the merits of those arguments at this time. However, assuming that Zurich prevails on the issues necessary to render its first question relevant in this case, the question is essentially whether the exemption to the uninsured motorist coverage requirement is enforceable. In support of its motion for certification, Zurich provides no reason why this would be a novel issue of Oklahoma law requiring certification, and instead simply argues the merits of its case—that Wyoming Casing is a motor carrier exempt from § 3636 and can exclude some employees from its uninsured motorist policy. See Dkt. # 71, at 9-12. In § 3637, Oklahoma created an exception to § 3636, and in the absence of a compelling reason to the contrary, the Court will not certify a question to the Oklahoma Supreme Court asking if § 3637 is enforceable.

Zurich's second proposed question for certification is:

> Whether liability and uninsured motorist coverage exclusions relating to workers' compensation insurance and employee indemnification/employer's liability in an employer's fleet policy are valid and enforceable under Oklahoma's rules of insurance policy interpretation in light of recent changes to the Oklahoma workers' compensation laws and facts which were not before the Court in [Torres v. Kansas City Fire and Marine Insurance Company, 849 P.2d 407 (Okla. 1993)].

Id. at 6. Zurich's second question is worded in a somewhat convoluted manner, but in light of Zurich's arguments in support of its motion to certify, the Court believes Zurich is asking whether this case is distinguishable from Torres in light of changes in Oklahoma's workers' compensation laws. In describing the uninsured motorist coverage required by § 3636, the statute states that coverage shall be provided for those "entitled to recover damages from owners or operators of uninsured motor vehicles. . . ." Torres is one in a line of cases in which the Oklahoma Supreme Court interpreted the meaning of "legally entitled to recover." See Torres, 849 P.2d at 410-11 (chronicling previous cases interpreting the phrase). The defendant in Torres argued that the plaintiff could not recover under the uninsured motorist policy because the driver at fault was immune from liability by virtue of the exclusivity provisions of the workers' compensation laws. Id. at 409. Thus, defendant argued, the plaintiff was not legally entitled to recover" under § 3636 because he was not legally entitled to recover damages from the tortfeasor. Id. The Oklahoma Supreme Court disagreed with the defendant and held that the exclusivity provisions of the workers' compensation laws do not bar recovery under an uninsured motorist policy. Id. at 412. The Oklahoma Supreme Court explained that it was following its previous cases by holding that "[t]he words 'legally entitled to recover' simply mean that the insured must be able to establish fault on the part of the uninsured motorist which gives rise to damages and prove the extent of those damages." Id. at 410 (quoting Uptegraft v. Home Ins. Co., 662 P.2d 681, 685 (Okla. 1983)).

In support of its motion to certify, Zurich argues that this case should be distinguished from Torres. Dkt. # 71, at 12-28. But federal courts routinely engage in analyzing state court cases and determining whether their reasoning applies to the situation before them, and Zurich has given the Court no reason to think that there is anything particular about this case or Torres that would necessitate the state court to determine whether Torres applies here. Torres is part of a line of cases, not all of which involve workers' compensation. Because the holding in Torres is not inextricably linked to workers' compensation, the Court finds that it does not "feel uncomfortable attempting to decide [the issue] without further guidance" from Oklahoma Supreme Court due to changes in Oklahoma's workers' compensation laws. See Pino, 507 F.3d at 1236.

**IT IS THEREFORE ORDERED** that Zurich American Insurance Company's motion to certify questions to the Oklahoma Supreme Court (Dkt. # 71) is **denied**.

**DATED** this 9th day of August, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE