# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

ASHLEY NICHOLE MAGALLAN, individually, and as surviving spouse and next friend of Jesus Magallan, Jr., deceased,

    Plaintiff,

vs.

ZURICH AMERICAN INSURANCE COMPANY,

    Defendant.

and

ZURICH AMERICAN INSURANCE COMPANY,

    Third-Party Plaintiff

vs.

Wyoming Casing Service, Inc

    Third-Party Defendant

Case No. 16-CV-668-CVE-FHM

## **OPINION AND ORDER**

Plaintiff's Motion to Compel, [Dkt. 69], is before the court for decision. A response brief has been filed, [Dkt. 72], no reply brief was filed. The matter is ripe for decision.

## **Background**

Plaintiff made a claim for payment of Uninsured/Underinsured Motorist coverage (UM/UIM) for a vehicular accident in which Jesus Magallan was killed. The vehicle in which Mr. Magallan was a passenger was owned by his employer, Wyoming Casing, Inc., and was driven by a co-worker. The vehicle was insured under Wyoming Casing's policy of insurance with Defendant Zurich American Insurance Company (Zurich). Zurich

determined that the co-worker/driver of the Wyoming Casing vehicle was at fault in the accident and that UM/UIM coverage was not available to the survivor of Mr. Magallan.

Plaintiff has sued Zurich alleging breach of contract, bad faith refusal to pay amounts owing under the policy, and seeks a declaratory judgment. In this motion Plaintiff seeks an order compelling Zurich to produce documents responsive to two requests for production of documents.

## Discussion

Request for Production No. 7 seeks:

> [E]ach claim/file involving Zurich's handling of a "Uninsured Motorist Coverage"/"Underinsured Motorist Coverage" claim in the State of Oklahoma where (1) the claimant was [an] employee (like Plaintiff Jesus Magallan) of the named insured; and (2) it involved the same or similar insuring language as insurance policy number BAP 0134582-00.

[Dkt. 72, p. 3]. Zurich objects on the basis that the request is overly broad and burdensome. Zurich also asserts that the information is not relevant, nor proportional to the needs of the case. Contrary to the assertion contained in Plaintiff's brief, in objecting Zurich provided sufficient explanation for the basis of its objections. In its response to the discovery request Zurich explained: the request for UM/UIM claims files was unlimited in time; the information would have no bearing on the claim which is the subject of the lawsuit; the manpower expense in locating responsive files, reviewing them for similarities to the instant case, and redacting the confidential/private information was not proportional to the needs of the case.

Plaintiff's brief states that the court has the obligation to interpret relevancy very broadly for discovery purposes. That statement is no longer valid in light of the 2015

2

amendment to Fed.R.Civ.P. 26 which refined the scope of discovery. Rule 26(b)(1) now instructs, in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

In the meet and confer process, in response to the request of Plaintiff's counsel, Zurich identified 85 UM/UIM claims in Oklahoma from 2011 to 2015. Zurich continues to maintain that the information is not relevant to any matter at issue and that the effort to review and redact the files would be unduly burdensome given the issues in the case. Zurich suggests that if the court finds that the files are relevant, then producing a sampling of the files would be a reasonable approach to alleviate the burden. Zurich has not determined how many of the 85 files involve a situation similar to the present one where UM/UIM coverage was denied when an employee was injured in an employer-owned vehicle driven by a co-employee at fault for the accident and the policy contains the same or similar language as the instant policy. However, since the entire universe of possibly similar claims is 85, it does not appear that production of a sampling to alleviate the burden is necessary.

Concerning relevancy, Plaintiff argues that Zurich's handling of other similar claims will reveal Zurich's routine practice and will be evidence of Zurich's alleged reckless disregard of its duty to deal fairly and act in good faith toward its insured, and will be relevant to determining whether punitive damages are in order. For reasons similar to the

3

ones stated by the Court in *Jones v. Farmers Ins. Co., Inc.,* 2012 WL 12863976 (W.D. Okla), the court finds that similar claims are arguably relevant to Plaintiff's contract claim and the claim of bad faith in that they may show a pattern and practice. While Plaintiff defines similar claims as being all Oklahoma UM/UIM claims involving an employer/employee situation, the court defines similar claims much more narrowly. The court finds that similar claims are all Oklahoma UM/UIM claims from February 1, 2014[1] to the date of the denial of the instant claim where the injured party was a passenger in an employer-owned vehicle where a co-employee driver was at fault in the accident, and the policy language is the same or similar to the policy at issue in this case. Since the number of all Oklahoma UM/UIM claims from 2010 to 2015 is 85, identifying the number of claims similar to the instant case for 2014-2015 should not be so great a number as to be unduly burdensome.

The court finds that personal and confidential information of third parties contained in the claim files is not relevant and therefore that information is properly redacted from the production. The motion to compel is GRANTED in part and DENIED in part, as to Request for Production No. 7, as specified herein.

Request for Production No. 12 seeks:

> [A]ll information related to coverage opinions involving "Uninsured Motorist Coverage"/"Underinsured Motorist Coverage" claims in the State of Oklahoma where (1) the claimant was [an] employee (like Plaintiff Jesus Magallan) of the named insured; and (2) it involved the same or similar insuring language as policy number BAP 0134582-00.

---

[1] February 1, 2014, is the effective date of 85A Okla. Stat. §43 which Zurich appears to claim provides a basis for denying the claim.

[Dkt. 72, p. 3]. Zurich objects to production on the basis that the request is overbroad in that it it is not limited to a reasonable period of time and because the coverage opinions are attorney-client communications and Zurich has taken no affirmative step to place the substance of their attorney's advice at issue in this case, much less in relation to other claims.

Plaintiff has submitted only general statements of law concerning attorney client privilege and has offered nothing to suggest that the privilege is inappropriately applied to coverage opinions or that the privilege has been waived. Further no rationale has been provided for requiring production of "all information related to coverage opinions." The motion to compel is DENIED as to Request for Production No. 12.

## **CONCLUSION**

Plaintiff's Motion to Compel, [Dkt. 69], is GRANTED in part and DENIED in part, as specified herein.

SO ORDERED this 18th day of August, 2017.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE